OPINION OF THE COURT
David D. Egan, J.
This is a case of first impression. Police seized a computer and several computer disks pursuant to a validly issued *878 search warrant. The question presented is whether police exceeded the scope of the search warrant by retrieving information contained in the computer and computer disks without obtaining a second search warrant explicitly authorizing the search and seizure of the contents of the computer and computer disks.
Defendants Debra Loorie and Stuart Sonnendecker are co-owners of a business known as the Hilton Pharmacy. The indictment accuses defendants of one count of grand larceny in the second degree. It is alleged that between December 17, 1990 and December 30, 1993, defendants stole more than $50,000 from the Rochester Area Blue Cross and Blue Shield by billing Blue Cross and Blue Shield for drug prescriptions that were not supplied to customers. Defendants seek to suppress from use at trial numerous records seized from the Hilton Pharmacy pursuant to two search warrants that were issued during the investigation of this matter.
The first search warrant in question, issued on January 7, 1994, authorized police to search the Hilton Pharmacy and seize "prescription and refill forms * * * inventory records * * * daily drug dispensing records and patient profile records” pertaining to seven persons who had allegedly filled prescriptions at the Hilton Pharmacy. Police were also authorized to search for and seize "any and all computers, keyboards, Central Processing Units, external drives and/or internal drives, external and internal storage devices such as magnetic tapes and/or disks or diskettes”.
The search warrant was executed on January 7, 1994. Police examined the system to determine if records of the type authorized were located in the internal drive, then backed up, or copied, the records to protect the contents of the internal drives in case the system was set to erase on being unplugged. The computer, the backup disks and several dozen external floppy disks were then removed from the premises. The contents of the computer’s internal disk drives and the floppy disks were subsequently examined.
Defendant’s primary contention is that police exceeded the scope of the warrant by searching the contents of the computer’s internal disk drive and external "floppy” disks. Defendants argue that the warrant only authorized the police to take possession of the computer and the disks; they claim that police were required to obtain a second search warrant before seizing the information contained therein.
*879 This court disagrees. In United States v Ross (456 US 798, 820-822 [1982]) the Supreme Court held as follows: "A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found * * * This rule applies equally to all containers.”
Thus, under Ross (supra), any container that is the subject of a validly issued warrant may be searched if it is reasonable to believe that the container could conceal items of the kind portrayed in the warrant.
Where, as here, the search warrant authorizes the seizure of "records”, courts have relied on the principle stated in Ross (supra) to justify the removal of documents from a wide variety of containers. For example, courts have upheld the removal of documents from an envelope (United States v Crouch, 648 F2d 932 [4th Cir 1981]); from the breast pocket of a nylon jacket (United States v Gray, 814 F2d 49 [1st Cir 1987]); and from a locked briefcase found on the premises (United States v Gentry, 642 F2d 385 [10th Cir 1981]; United States v Gomez-Soto, 723 F2d 649 [9th Cir 1984]). In each case the court rejected the defendant’s contention that a second warrant was required before police could open the container in which the documents were found.
On at least two occasions, courts have cited Ross (supra) to support the conclusion that a warrant authorizing the seizure of records permits the police to retrieve tape-recorded information. In United States v Gomez-Soto (supra), police seized a microcassette pursuant to a search warrant that authorized the seizure of records pertaining to the distribution of drugs. Defendant argued that police needed a second warrant before playing the cassette tape on a tape player. The court disagreed, stating: "A microcassette is by its very nature a device for recording information in general whether it be statistical information, conversations, past events, future plans, all of which come clearly within the specific authority of the warrant. The failure of the warrant to anticipate the precise container in which the material sought might be found is not fatal.” (United States v Gomez-Soto, supra, at 655.) Similarly, in United States v Lucas (932 F2d 1210 [8th Cir 1991]) police *880 seized an answering machine and its tape while executing a warrant that provided for the search and seizure of books, records and other papers relating to the distribution of controlled substances. The court found that the language in the warrant providing for the seizure of "records” supported the seizure of the answering machine and its tape. The court rejected defendant’s contention that the government needed a second search warrant to listen to the tape (United States v Lucas, supra, at 1215, n 9).
Although there are no published decisions involving the seizure of information from computer disks, research reveals three unpublished decisions in which courts have concluded that police may seize such information without obtaining a second warrant. In United States v Sprewell (1991 WL 113647 [9th Cir Cal]) the search warrant at issue authorized police to search for any tally sheets or pay-and-owe sheets which tended to establish narcotics transactions. In executing the warrant, the officers seized a personal computer along with its programs and disks. The items were taken to police headquarters where a computer specialist helped find files in the computer’s electronic memory that purportedly contained evidence of narcotics sales. The court upheld the search and seizure, stating (at 10): "Like the microcassette in Gomez-Soto, a computer is 'by its very nature a device for recording information.’ * * * An officer searching for pay-and-owe sheets could reasonably expect to find them within the memory of a computer.” In United States v Sissler (1991 WL 239000 [WD Mich]), a warrant authorized the seizure of records of drug transactions. In addition to a large number of documents, police seized nearly 500 computer disks and a personal computer. Citing Ross (supra), the Court held as follows (at 8): "The police were permitted to examine the computer’s internal memory and the disks since there was every reason to believe that they contained records whose seizure was authorized by the warrant.” Finally, in State v McGuire (1994 WL 700082 [Ohio Ct App, 9th Dist]) police seized 78 computer disks while executing a search warrant. Again, the court permitted the police to retrieve the information from the disks without a second warrant, holding as follows (at 20): "The seizure of 'computer disks’ was authorized by the warrant. Given the fact that the contents of a computer disk are not readily apparent from mere observation, the police were justified in seizing all defendant’s computer disks in order to fully review their contents to determine if *881 they were evidence of the crimes that defendant had allegedly committed.”
In view of the above, this court concludes that the police in this case did not exceed the scope of the warrant by seizing the information contained on the internal and external disks. The police could reasonably believe that the disks contained the records that were the subject of the search warrant. Indeed, the computer and the disks were the most likely place the police could expect to find the records.
Accordingly, defendant’s motion to suppress the records seized pursuant to the January 7, 1994 search warrant is denied.
[Portions of opinion omitted for purposes of publication.]